**UNITED STATES of America,
Plaintiff,**

**v.**

**Harriett C. RUSSELL, Executrix of the
Estate of T. C. Russell, Deceased,
Defendant.**

**No. KC–2953.**

United States District Court,
D. Kansas.

Nov. 14, 1969.

Robert J. Roth, U. S. Atty., Wichita, Kan., Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., and John R. Gauntt, Attorney, Tax Division, Department of Justice, Washington, D. C., for plaintiff.

John H. Fields and Samuel J. Wilson, of Carson, Mahoney & Fields, Kansas City, Kan., for defendant.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action brought by the United States to recover estate taxes which

it claims are owed to it by the estate of one T. C. Russell. The facts giving rise to the controversy are that the estate owned certain real estate upon which a residential building was situated. The executrix of the estate found a purchaser for the property at a price satisfactory to both parties, and her intent was apparently to pay the proceeds of the sale to the government in partial satisfaction of the estate tax liability. However, it was necessary to a consummation of the sale that the government release the estate tax lien imposed upon the property by virtue of Title 26 U.S.C. § 6324. The essence of the defendant's claim is that because the United States wrongfully refused to release its lien the sale was lost. Subsequently, vandals did substantial damage to the dwelling and several fires were started in the building, the ultimate result as stated by the defendant being that the Minimum Housing Authority of the City of Kansas City, Kansas ordered the residence torn down. It is the defendant's position that the depreciation in the value of the property, which was later sold for considerably less than what would have been received had the first sale been completed, was the result of the wrongful conduct of agents of the United States in failing to release the estate tax lien on the property in timely fashion. The matter is now before the court on the government's motion to dismiss the counterclaim of the defendant, which is based upon the facts just recited.

The law relating to counterclaims against the United States is succinctly stated at 3 Moore's Federal Practice § 13.28, pp. 75–76:

> "The principles established are these. ' * * * without specific statutory consent, no suit may be brought against the United States. No officer by his action can confer jurisdiction. Even when suits are authorized they must be brought only in designated courts.' The United States by the *institution* of a civil action or proceeding subjects itself to: (1) a compulsory counterclaim asserting matter of recoupment, which arises out of the transaction or occurrence that is the subject matter of the sovereign's suit, and is used to defeat or diminish recovery by the sovereign, but the institution of suit does not warrant an affirmative judgment against the United States; and (2) a set-off, which is a permissive counterclaim, to the extent that it is authorized under § 2406 in the court where the set-off is pleaded. Whether the counterclaim is compulsory or permissive it cannot, except as stated above, be maintained against the sovereign unless it is predicated on a claim to which the United States has given its statutory consent to be sued in the court where the counterclaim is interposed, and where this consent includes a 'counterclaim' * * * against the sovereign."

See also the cases cited in the footnotes on pp. 75–76 supporting the quoted paragraph and United States v. United States Fidelity Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940). A further comment in the same direction appears on p. 81 of Moore's:

> "If the claim is one on which the United States has not consented to be sued in any court, it cannot be set up by counterclaim *even though it arises out of the same transaction,* unless the claim is within the principle of recoupment and then its use is limited solely to defeating or diminishing recovery by the United States." (Emphasis supplied.)

The defendant's counterclaim would appear to this court to sound in tort. This conclusion is strengthened by the following language of the defendant's pleading:

> " * * * That the plaintiff wrongfully and improperly neglected to release its lien in consideration of said agreement for an unreasonable period of time, resulting in a loss of sale."

The question this court must decide, therefore, is whether a claim in tort for wrongful refusal to release a tax lien may be set up by way of recoupment, in

an action for the recovery of estate taxes. If the defendant's counterclaim does qualify as one for recoupment, it needs no statutory authority, whereas if it is a setoff or other independent claim, a statutory waiver of sovereign immunity is required. United States v. Frank, 207 F.Supp. 216 (S.D. N.Y. 1962); 3 Moore's Federal Practice § 13.02, p. 9. I believe that the defendant's counterclaim seeks recovery on a cause independent of the principal action, and consequently that the law of recoupment is inapplicable to this case.

The defendant cites United States v. Frank, supra, in support of her claim that the recoupment principle may properly be applied here. In that case, both the claim and the counterclaim arose out of a contract between the defendant and the government's assignor. This is altogether different from a claim for estate taxes and a counterclaim sounding in tort. This court has been unable to find authority for the proposition that the recoupment principle is applicable in a situation such as this, and in the absence of authority I do not believe that it is.

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, * * *."

The defendant has not asserted any basis for this court's jurisdiction to hear the counterclaim, nor am I aware of any statutory waiver of the government's sovereign immunity to a claim such as that advanced by the defendant. It follows that the government's motion to dismiss the counterclaim should be granted.

It is ordered that the motion of the United States to dismiss the defendant's counterclaim be granted.